UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 19-CV-61240-SMITH/VALLE

MELVIS CHRISTOPHER, and
EVELYN HERCZEG,

    Plaintiffs,

v.

RESIDENTIAL REALTY SERVICES CORP.
A/K/A REALTY SERVICES CORP.,

    Defendant.
_____/

## REPORT AND RECOMMENDATION TO DISTRICT JUDGE

THIS MATTER is before the Court on Plaintiffs' Verified Motion for Attorney's Fees and Costs (ECF No. 74) and Bill of Costs (ECF No. 75) (the "Motions"). Attorney Elliot Kozolchyk, of Koz Law, P.A. ("counsel"), represented Plaintiffs in connection with Plaintiffs' claims under the Fair Labor Standards Act, 29 U.S.C. § 216 (the "FLSA"). United States District Judge Rodney Smith has referred the Motions to the undersigned for appropriate resolution. (ECF No. 24).

Accordingly, having reviewed the Motions, Defendant's Response (ECF No. 76), and being otherwise duly advised in the matter, the undersigned recommends that the Motions be **GRANTED IN PART**. As discussed below, the undersigned recommends that Plaintiffs be awarded **$14,400** in fees and **$441** in costs.

### I.    BACKGROUND

The background and history of this case have been summarized in the Court's prior Reports and Recommendations, which were adopted by the District Judge and are incorporated by reference. *See* (ECF Nos. 52, 56, 58, 59). Briefly, in May 2019, Plaintiff Melvis Christopher filed a Complaint (and corresponding Statement of Claim) alleging she was owed approximately

$39,828.26 in overtime wages ($79,656.52 when adjusted for liquidated damages). (ECF Nos. 1, 1-3, 8-1). In July 2019, an Amended Complaint was filed, adding Plaintiff Evelyn Herczeg. *See generally* (ECF No. 17). Plaintiff Herczeg alleged she was owed unpaid overtime wages of approximately $14,897.47 ($29,794.94 when adjusted for liquidated damages). (ECF No. 21-1). On October 10, 2019, Defendant served Plaintiffs with Offers of Judgment pursuant to Federal Rule of Civil Procedure 68, offering to "allow Judgment to be taken against it" in the amount of $10,000 as to Plaintiff Christopher and $8,000 as to Plaintiff Herczeg (ECF Nos. 49-1, 50-1) (the "Offers of Judgment"). On October 24, 2019, Plaintiffs accepted Defendant's Offers of Judgment. (ECF Nos. 49, 50).

Thereafter, the undersigned recommended approval of the Offers of Judgment as a reasonable compromise of a bona fide FLSA, and the District Judge entered Final Judgment in favor of Plaintiff Christopher for $10,000 and Plaintiff Herczeg for $8,000, exclusive of attorney's fees and costs, which were to be determined separately. (ECF No. 59). The instant Motion followed. In the Motion, Plaintiffs seek a total of $19,200 in attorney's fees, "plus supplemental attorney's fees for time expended conferring with Defendant's counsel regarding the relief sought [in the Motions] and any time expended litigating Plaintiffs' attorney's fees and costs including preparing Plaintiffs' reply to any response filed by Defendant …."[1] (ECF No. 74 at 2). Plaintiffs also seek $441 in costs. *Id.; see also* (ECF No. 75).

---

[1] "Fees on fees" are recoverable in FLSA cases. *See Touzout v. Am. Best Car Rental KF Corp.*, No. 15-CV-61767, 2017 WL 5957664, at *9 (S.D. Fla. Nov. 30, 2017) (citing *Norelus v. Denny's, Inc.,* 628 F.3d 1270, 1301 (11th Cir. 2010)); *Valley v. Ocean Sky Limo,* 82 F. Supp. 3d 1321, 1329 (S.D. Fla. 2015). Thus, counsel's billing records include entries for time spent preparing the instant Motions and the underlying billing records. *See* (ECF No. 74-1) (2/18/21 entries for time spent to "[p]repare[] Bill of Costs;" "[p]repare[] Motion for Attorney's Fees and Costs;" "[p]repare[] Memorandum of Law in Support of Bill of Costs as required by Local Rules;" and "[r]eview[] [b]illing [r]ecords").

Defendant objects to counsel's requested hourly rate and to the number of hours billed as duplicative, excessive, and not proportional to the results obtained. *See generally* (ECF No. 76).

## II.   DISCUSSION

### A.   Plaintiffs are Entitled to Fees under the FLSA

Under the American Rule, litigants generally are not entitled to an award of attorney's fees for prevailing in litigation unless provided by statute or contact. *See, e.g.*, *In re Martinez*, 416 F.3d 1286, 1288 (11th Cir. 2005). Here, the FLSA provides for reasonable attorney's fees (and costs) to the prevailing party. 29 U.S.C. § 216(b) ("The court in [an FLSA action] shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."). In the FLSA context, a "prevailing party" is one who obtains either: (i) a judgment on the merits, or (ii) "a settlement agreement 'enforced through a consent decree.'" *Mayer v. Wall St. Equity Grp., Inc.*, 514 F. App'x 929, 934 (11th Cir. 2013) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't. of Health and Hum. Res.*, 532 U.S. 598, 603-04, (2001)). Moreover, acceptance of a Rule 68 offer of judgment is an "enforceable judgment," rendering Plaintiffs the prevailing parties. *Util. Automation 2000, Inc. v. Choctawhatchee Elec. Coop., Inc.*, 298 F.3d 1238, 1248 (11th Cir. 2002) ("[A] Rule 68 judgment represents a 'judicially sanctioned change in the relationship between the parties.'") (citation omitted).

Here, Defendant does not dispute Plaintiffs' entitlement to attorney's fees and costs. *See generally* (ECF No. 76). Accordingly, the undersigned finds that Plaintiffs are entitled to reasonable attorney's fees as the prevailing party in the litigation.

### B.   The Lodestar Method of Determining Reasonable Fees

The determination of reasonable attorney's fees under the FLSA "is left to the sound discretion of the trial judge . . . ." *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th

3

Cir. 2019) (quoting *Kreager v. Solomon & Flanagan, P.A.*, 775 F.2d 1541, 1543 (11th Cir. 1985)). In assessing the reasonableness of a request for attorney's fees in the Eleventh Circuit, courts use the "lodestar" method to calculate an objective estimate of the value of an attorney's services. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988). Under the lodestar method, the value of an attorney's services is calculated by multiplying the hours that the attorney reasonably worked by a reasonable rate of pay. *Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994) (citing *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983)). The "fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates." *ACLU of Ga. v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1303).

Importantly, courts are not authorized "to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. When a request for attorney's fees is unreasonably high, courts may "conduct an hour-by-hour analysis or . . . may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap it Up Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008); *see also Procaps S.A. v. Patheon Inc.*, No. 12-CV-24356, 2013 WL 6238647, at *17 (S.D. Fla. Dec. 3, 2013) (reducing party's fee request with across-the-board cut based upon billing inefficiencies). Although courts may apply either method, they cannot apply both. *Bivins*, 548 F.3d at 1351. Finally, courts need not become "green-eyeshade accountants." *Fox v. Vice*, 563 U.S. 826, 838 (2011). Instead, the essential goal for the court is to "do rough justice, not to achieve auditing perfection." *Id.*

### 1. Reasonable Hourly Rate

"A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and reputation." *Norman*,

836 F.2d at 1299 (citing *Blum v. Stenson*, 465 U.S. 886, 895-96 n.11 (1984)). The relevant market is "the place where the case is filed." *Barnes*, 168 F.3d at 437 (quotation marks and citation omitted). Here, the relevant legal community is South Florida.

In determining reasonable hourly rates in the relevant legal market, the undersigned may consider certain factors, including "the attorney's customary fee, the skill required to perform the legal services, the attorney's experience, reputation and ability, the time constraints involved, preclusion of other employment, contingency, the undesirability of the case, the attorney's relationship to the client, and awards in similar cases." *Mallory v. Harkness*, 923 F. Supp. 1546, 1555 (S.D. Fla. 1996) (citing factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) (the "*Johnson* factors")).[2] The Court also "'may consider [her] own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value.'" *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1303).

Plaintiffs seek an award for the services of attorney Kozolchyk at an hourly rate of $400. (ECF No. 74 at 2). Attorney Kozolchyk is the sole shareholder and founder of Koz Law, P.A. *Id.* at 2 n.1; *see also* State Bar of Florida, Member Profile of Elliot Ari Kozolchyk, https://www.floridabar.org/directories/find-mbr/profile/?num=74791 (last visited February 15, 2022). Attorney Kozolchyk has been practicing law for more than 10 years, specializing in employment law. (ECF No. 74 at 2 n.1). He graduated from Temple University Beasley School of Law and is a member of the Florida Bar and the Bar of this

---

[2] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all of the decisions of the former Fifth Circuit issued prior to the close of business on September 30, 1981.

District. *See* Koz Law, P.A., Attorney Profile of Elliot Kozolchyk, https://www.paychecklawyers.com/attorney-profile (last visited February 15, 2022).

The undersigned has considered the relevant *Johnson* factors, counsel's billing records, and the record in this case. Based on this review, and the Court's own judgment and experience, the Court finds that $375 is a reasonable rate for counsel's services.[3]

*2. Reasonable Hours Expended*

Having determined the reasonable hourly rate in this case, the undersigned next addresses the reasonableness of the hours expended by counsel. As a general rule, attorneys must exercise what the Supreme Court has termed "billing judgment." *Hensley*, 461 U.S. at 434. That means they must exclude from fee applications "excessive, redundant, or otherwise unnecessary hours," which are hours "that would be unreasonable to bill to a client and therefore to one's adversary irrespective of the skill, reputation or experience of counsel." *Norman*, 836 F.2d at 1301 (quotation marks and citations omitted). Importantly, "if fee applicants do not exercise billing judgment, courts are obligated to do it for them." *Barnes*, 168 F.3d at 428. The fee applicant also bears the burden of providing specific and detailed evidence so that the court can determine the necessity and reasonableness of the time claimed for the action. *Id.* at 427, 432-33.

---

[3] Furthermore, this Court and other courts in this District have awarded counsel fees at $375 per hour in other recent FLSA cases. *See, e.g.*, *Williams v. Riley*, No. 19-CV-62004, 2021 WL 3682518, at *3 (S.D. Fla. Aug. 5, 2021); *Johnson v. S. Fla. Paving Grp., LLC*, No. 16-CV-62689, 2020 WL 5113592, at *6 (S.D. Fla. Aug. 31, 2020); *Dorisma v. Park One of Fla., LLC*, No. 19-CV-20919, 2020 WL 7481487, at *3 (S.D. Fla. Apr. 13, 2020); *Philipps v. SC Cap. Ventures, Inc.*, No. 19-CV-62555, 2020 WL 5371296, at **3 (S.D. Fla. Mar. 13, 2020); *Mehta v. IQLOGG, Inc.*, No. 19-CV-61823, 2019 U.S. Dist. LEXIS 229182, at *1-2 (S.D. Fla. Oct. 11, 2019); *Figueroa v. Grampas Real Estate Inc.*, No. 18-CV-63083, 2019 U.S. Dist. LEXIS 75348, at *4 (S.D. Fla. May 2, 2019). Moreover, counsel's Notice of Previously Awarded Fees lists five recent cases in the Southern District of Florida in which Courts have awarded him fees at an hourly rate of $375, most recently in December 2021. *See* (ECF No. 78).

In the end, however, "exclusions for excessive or unnecessary work on given tasks must be left to the discretion of the district court." *Norman*, 836 F.2d at 1301.

Counsel seeks fees for 48 hours of work and has attached supporting billing records. *See* (ECF No. 74-1 at 3). In opposing counsel's request, Defendant argues that counsel has failed to exercise billing judgment by billing for: (i) work that was "recycled" from other FLSA cases; (ii) administrative/ministerial tasks; (iii) tasks that are not properly chargeable to Defendant; (iv) duplicative time entries; and (v) excessive time on simple tasks. (ECF No. 76 at 4-12). Defendant also argues that counsel's fee request should be further reduced to account for the limited results obtained. *Id*. at 12-13. After a review of counsel's time entries, the Court finds that some adjustment is necessary to account for certain billing inefficiencies and for results obtained.

First, counsel billed for work that seems to have been "recycled" from prior FLSA cases. For example, counsel billed .7 hours to prepare the instant Complaint, although counsel has filed nearly identical complaints in other FLSA cases.[4] *See* (ECF No. 74-1 at 1) (entry dated 5/16/2019). Counsel also billed .5 hours to prepare the Amended Complaint, even though it was virtually identical to the original Complaint.[5] *Id.* (entry dated 7/13/2019); *see also* (ECF No. 17). Likewise, counsel billed 2.8 hours for preparing discovery requests that were substantively similar to requests counsel propounded in other FLSA cases, and 7.1 hours reviewing a document production that counsel had previously received and reviewed in another FLSA matter against the same Defendant.

---

[4] *See, e.g.*, *Evelyn Ellerman-Peralta v. Residential Realty Servs. Corp.*, No. 18-CV-61382 (S.D. Fla. June 20, 2018) (ECF No. 1); *Shamica Elizabeth Fisher v. Residential Realty Servs. Corp.*, No. 16-CV-61167 (S.D. Fla. June 2, 2016) (ECF No. 1).

[5] The only differences between the Complaint and Amended Complaint appear to be: (i) the addition of Plaintiff Herczeg in paragraph 6; and (ii) changing "Plaintiff" to "Plaintiffs" throughout the amended document. *See* (ECF Nos. 1, 17, 76 at 5).

7

*See* (ECF Nos. 74-1, 76 at 5-7, 76-1, 76-3) (entries dated 6/19/2019, 6/26/2019, 6/28/2019, 9/18/2019). Accordingly, the time expended on these tasks requires some adjustment.

Second, counsel's time spent on certain minor tasks is excessive. *See Quantum Capital, LLC v. Banco De Los Trabajadores*, No. 14-CV-23193, 2016 WL 4581319, at *3 (S.D. Fla. Mar. 21, 2016) (finding that counsel's fees should be reduced for, among other things, spending too much time on certain tasks). For example, counsel billed: (i) .9 hours to prepare Plaintiffs' Supplement to Defendant's Offer of Judgment (which is less than two pages long); (ii) .3 hours to review this Court's Supplemental Report and Recommendation to the District Judge (which is three pages long); and (iii) .2 hours to prepare a Notice of Satisfaction of Judgment (which is less than two pages long). *See* (ECF Nos. 74-1, 76 at 11-12) (entries dated 4/13/2020, 11/13/2020, 2/18/2021 respectively). These hours appear excessive for these relatively simple tasks and should be reduced.

Third, although minimal, counsel may have double-billed on certain occasions. These include: (i) two identical entries of .5 hours each to prepare Exhibit A to the Complaint, which is a simple chart for Plaintiff Christopher's Statement of Claim; and (ii) .1 hours to review a Corporate Disclosure Statement that counsel had previously reviewed and billed. *See* (ECF Nos. 74-1, 76 at 11) (entries dated 5/16/2019, 7/12/2019, 7/15/2019). These duplicative billing entries should be excluded. *See Fernandez v. Shop 601, LLC*, No. 20-CV-80713, 2020 WL 6385071, at * 3-4 (S.D. Fla. Sept. 30, 2020) (reducing hours expended due to, among other things, counsel's double billing).

Furthermore, counsel billed for time spent on matters resulting from Plaintiff Herczeg's failure to appear at the Court-ordered settlement conference, including rescheduling the settlement conference and preparing an affidavit explaining Plaintiff Herczeg's absence to the Court. *See*

(ECF Nos. 34, 74-1 at 2, 76 at 9-10) (entries dated 9/11/2019 - 9/13/2019). But as Defendant correctly notes, time expended by counsel because of his own inability to communicate with his client in advance of the scheduled settlement conference should not be billed to Defendant. (ECF Nos. 34, 76 at 10). Indeed, courts have refrained from awarding attorney's fees when the time incurred was the result of poor communication between an attorney and his client. *See, e.g.*, *Hershkovitz v Innovative Const. & Design, Inc.*, No. 07-CV-1616-ORL-22DAB, 2008 WL 824222, at *2 (M.D. Fla. May 25, 2008) (finding that fees for motion practice caused by counsel's difficulties communicating with client were not recoverable in FLSA case).

Lastly, counsel's fee should be adjusted to reflect the limited results obtained. (ECF No. 76 at 12). This was a straightforward FLSA case. Although Plaintiff Christopher's Statement of Claim estimated she was owed approximately $39,828.26 ($79,656.52 when adjusted for liquidated damages) and Plaintiff Herczeg estimated she was owed approximately $14,897.47 in unpaid overtime ($29,794.94 when adjusted for liquidated damages), Plaintiffs accepted Offers of Judgment for substantially lesser amounts: $10,000 for Plaintiff Christopher and $8,000 for Plaintiff Herczeg. *Compar*e (ECF Nos. 1, 1-3, 8-1, 21-1), *with* (ECF Nos. 49, 49-1, 50, 50-1). Ultimately, Plaintiffs recovered only a fraction of their respective claims. Against this factual backdrop, and in the undersigned's discretion, counsel's initial request for $19,200 in fees, which is more than Plaintiffs' recovery, should be reduced to reflect the limited results obtained for Plaintiffs. *See Johnson*, 2020 WL 5113592, at *7 (reducing counsel's requested fees based on the lack of proportionality between the results obtained and the legal fees incurred).

For the foregoing reasons, the undersigned concludes that a reduction in the requested hours is appropriate. Rather than conducting an hour-by-hour analysis of counsel's time entries, the undersigned recommends an across-the-board 25% reduction to the total fee requested to

9

account for counsel's billing inefficiencies, including billing for "recycled" work previously used in other cases, excessive hours, duplicative billing, time not properly chargeable to Defendant, and adjustment for results obtained. *See Waler v. Iron Sushi, LLC*, 752 F. App'x 910, 916 (11th Cir. 2018) (noting that it is entirely proper for the court to take into account the results achieved in setting a fee award); *see also Kennedy v. Bonom Enters., Inc.*, No. 18-CV-62175, 2019 WL 1429513, at *4 (S.D. Fla. Mar. 29, 2019) (recommending a 35% reduction given that counsel routinely represented Plaintiff in similar actions using a nearly identical Complaint); *see also Shipping and Transit, LLC v. 1A Auto, Inc.,* No. 16-CV-81039, 2017 WL 5001445, at *11 (S.D. Fla. Sept. 26, 2017) (recommending a 15% reduction for billing inefficiencies); *Rubenstein v. Fla. Bar*, No. 14-CV-20786, 2015 WL 1470633, at *4-6 (S.D. Fla. Mar. 31, 2015) (recommending a 30% reduction to counsel's hours for use of block billing)*; see also Bivins*, 548 F.3d at 1350 (noting that when the number of hours claimed is unreasonably high, a court may conduct an hour-by-hour analysis or may reduce the requested hours with an across-the-board cut). Accordingly, the undersigned recommends that counsel be awarded fees in the amount of $14,400 ($19,200 x .75 = $14,400).

### C. Costs

Under 29 U.S.C. § 216(b), reasonable costs are recoverable. The Court has the discretion to award those costs specifically enumerated in 28 U.S.C. § 1920, but the Court may not tax as costs anything not authorized by the statute. *See, e.g.*, *Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 441-42 (1987). Here, Plaintiffs request reimbursement of $441 for costs incurred for filing ($400) and service of process fees ($41). *See* (ECF Nos. 74-1, 75). Defendant does not object to the requested costs. (ECF No. 76 at 1 n.1).

Pursuant to 28 U.S.C. § 1920(1), the $400 fee for filing the Complaint is recoverable. Additionally, 28 U.S.C. § 1920(1) permits the court to award fees for private service of process,

so long as they do not exceed the fees permitted by the statute. *Monelus v. Tocodrian, Inc.*, 609 F. Supp. 2d 1328, 1332-33 (S.D. Fla. 2009). The Court is guided by the statutory limits set forth in 28 C.F.R. § 0.114, which provides that fees charged by the United Sates Marshals Service for personal service of process are $65 per hour. *See also Monelus*, 609 F. Supp. 2d at 1333. Consequently, the undersigned recommends that Plaintiffs be awarded $41 for service of process, for a total of $441 in costs.

### D.     Post-Judgment Interest

Although Defendant does not object to the requested costs, Defendant objects to Plaintiffs' request for post-judgment interest on all costs taxed. (ECF No. 76 at 1 n.1). Nonetheless, as the prevailing party in this case, Plaintiffs are statutorily entitled to post-judgment interest pursuant to 28 U.S.C. § 1961, which provides for interest on any money judgment recovered in district court.

The Supreme Court and the Eleventh Circuit have explained, "[w]hen a district court taxes costs against a losing party, the award of costs bears interest from the date of the original judgment." *BankAtlantic v. Blythe Eastman Paine Webber, Inc.,* 12 F.3d 1045, 1052 (11th Cir. 1994) (citing *Georgia Ass'n of Retarded Citizens v. McDaniel,* 855 F.2d 794, 799 (11th Cir. 1988)); *see also Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. 827, 835 (1990). The post-judgment interest rate is determined by looking to the "weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding[ ] the date of the judgment." 28 U.S.C. § 1961(a); *see also BankAtlantic,* 12 F.3d at 1052; *U.S. S.E.C. v. Carrillo,* 325 F.3d 1268, 1271 (11th Cir. 2003).

Here, the District Court entered Final Judgment on December 2, 2020. (ECF No. 60). The applicable interest rate for the week before the judgement (ending November 27, 2020), is .11%. Board of Governors of the Federal Reserve System, *Selected Interest Rates (H.15)*,

https://www.federalreserve.gov/datadownload/ (last visited February 15, 2022). This rate of interest should be applied to any award of costs, effective as of December 2, 2020 the date of the Final Judgment for Defendant.

### III. RECOMMENDATION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that Plaintiffs' Verified Motion for Attorney's Fees and Costs (ECF No. 74) and Bill of Costs (ECF No. 75) be **GRANTED IN PART** as follows:

(1) Plaintiffs should be awarded **$14,400** in attorney's fees and **$441** in costs.

(2) Plaintiffs should be awarded post-judgment interest at a rate of .11% on any award of costs, accruing from December 2, 2020.

**Within fourteen (14) days** after being served with a copy of this Report and Recommendation, any party may serve and file written objections to any of the above findings and recommendations as provided by the Local Rules for this District. 28 U.S.C. § 636(b)(1); S.D. Fla. Mag. J. R. 4(b). Failure to timely object waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions contained in this Report and Recommendation. 11th Cir. R. 3-1 (2021); *see Thomas v. Arn*, 474 U.S. 140 (1985).

**DONE AND ORDERED** in Chambers in Fort Lauderdale, Florida, on February 15, 2022.

*Alicia O. Valle*
ALICIA O. VALLE
UNITED STATES MAGISTRATE JUDGE

cc: U.S. District Judge Rodney Smith
All counsel of record